IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Andra B. Jamison, | ) | Case No. 9:23-cv-03401-JDA |
| | ) | |
| Petitioner, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Warden Peeples, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by Respondent regarding Petitioner's habeas petition (the "Petition"). [Doc. 33; *see* Doc. 44.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Molly H. Cherry for pre-trial proceedings.

On July 15, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 46.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] On August 22, 2024, Petitioner's objections to the Report were entered on the docket. [Docs. 52; 53.] The motion is now ripe for review.

**BACKGROUND**

Petitioner is serving a sentence after being convicted of felony driving under the influence ("DUI") resulting in death. [Doc. 21 at 1.] The Petition raises four grounds for relief, which the Court quotes substantially verbatim:

**GROUND ONE**: The State denied Petitioner a reasonable opportunity to independent blood testing as per § 56-5-2946, § 56-5-2950.

*Supporting Facts*: The South Carolina Court of Appeals ruled that the State denied Petitioner a reasonable opportunity to have independent blood testing. The South Carolina Supreme Court affirmed. The State lost Petitioner's blood sample intended for his independent blood testing after it was placed in their custody. The State used the illegal blood test result to gain a conviction, where there was no legal evidence admitted proving intoxication beyond a reasonable doubt. The actions of the state (Denial of independent blood testing) prohibited Petitioner from placing the State's case to any meaningful adversarial test as provided for by the U.S. Constitution. The denial of independent blood testing affected the outcome of the trial, in how a trial is to proceed. The denial of independent blood testing prevented Petitioner from gathering critical evidence according to the statute protected by the U.S. Constitution to submit in reply to that of the prosecuting authority. The record is absent any case law or past ruling where denial of independent blood testing was considered harmless. The record is absent any evidence of overwhelming evidence. The South Carolina Supreme Court has consistently found this error fatal.

**GROUND TWO**: The court erred in admitting the results of testing the State performed on its sample of Petitioner's blood.

*Supporting Facts*: The South Carolina Court of Appeals correctly ruled that the trial court erred in admitting the results of testing that the State performed on its sample of Petitioner's blood as per statute (§ 56-5-2946–50). The South Carolina Supreme Court affirmed. The State failed to present any evidence that conclusively proved that Petitioner drove a vehicle while over the legal limit of intoxication (.08). The South Carolina Court of Appeals and South Carolina Supreme Court ruled incorrectly that Ground One and Ground Two were harmless. The state knowingly lost Petitioner's blood sample intended for independent blood testing, thus taking away a defense tool provided by statute protected by the U.S. Constitution, and the court still used an erroneous admitted blood test result of Petitioner's blood when it should have been suppressed. Petitioner was denied a fair trial after the state admittedly lost the blood sample intended for Petitioner's defense and the court erroneously admitted the results of

testing the state performed on its sample of Petitioner's blood to gain the conviction. The record is absent any legally admitted evidence that demonstrates Petitioner was intoxicated. There is no evidence legally admitted that conclusively proves intoxication.

**GROUND THREE**: The court erred by failing to rule on summary judgment that South Carolina failed its constitutional duty to prove all elements of felony DUI/death beyond a reasonable doubt.

*Supporting Facts*: The State failed its constitutional duty to prove all elements of felony DUI/death beyond a reasonable doubt. There was no competent evidence legally admitted capable of proving illegal concentration level of .08 as per statute. There was no eye witness to driving before the accident. Aside from the illegal blood test, the State put forth no evidence proving driving under the influence of alcohol conclusively.

**GROUND FOUR**: The trial judge committed constititonal error when he failed to disclose that his daughter worked in the Lexington County 11th Circuit as an assistant solicitor and neglected to offer the opportunity to have himself recused, as he had done before.

*Supporting Facts*: The trial judge wrote the Advisory Committee seeking guidance on presiding in the 11th Circuit where his daughter was an assistant solicitor. The trial judge failed to disclose and give the opportunity to have himself recused as advised or like he has done in the past because of his daughter working in the 11th Circuit as solicitor. Trial Judge Royce Knox McMahon's sworn statement in the transcript of public hearings Merit Selection Commission 11/15/20 Exhibit #27 Question #6 concerning his philosophy on recusal with his daughter in the 11th Circuit was to disclose this to each party and withdraw if either objects. Judge McMahon testified before the Judicial Merit Selection Commission Public Hearing November 15, 2011, that he wrote the Advisory Committee on Standards of Judicial Conduct for an opinion regarding his daughter's employment with the 11th Circuit Solicitor's Office. He received a response dated February 8, 2008, referring him to an opinion where a magistrate had asked a question concerning the fact that his daughter-in-law was an assistant solicitor in the county in which he had magistrate court. The Advisory Committee

3

>    concluded a magistrate may preside over a criminal matter in the same county where his daughter-in-law is an assistant solicitor as long as he discloses the relationship and disqualifies himself if any party objects.  Trial judge denied Petitioner a constitutional right to a fair trial in front of an impartial judge and jury when he failed to disclose the relationship as advised by the Advisory Committee and like he has done in the past.  Trial Judge testifies at public hearings that "the opinion didn't even envision that there was a potential appearance of impropriety, but however he did" . . . so he disclosed this information to the defense bar so they could review that with their clients.  Trial transcript reveals that Judge McMahon disclosed the relationship and offered to disqualify himself as the ethics opinion commands in the case of Rodney C. Bryan 2008 during General Sessions.

[Docs. 21 at 5, 7, 8, 10; 21-1 at 7, 8.]

The Magistrate Judge provides a recitation of the facts and recommends granting Respondent's summary judgment motion and dismissing the Petition.[1]  [Doc. 46.]  She recommends Respondent's motion be granted as to Grounds One and Two primarily because they are not cognizable in habeas insofar as both grounds allege a violation of South Carolina state law.  [*Id.* at 11–12.]  She notes regarding Ground Two that Petitioner does not argue that the "error was so extreme that it ran afoul of his [federal] constitutional right to due process."  [*Id.* at 12.]  In any event, the Magistrate Judge concludes that the error did not rise to that level, as indicated by the fact that the South Carolina Court of Appeals found it harmless given the other evidence admitted at trial concerning Petitioner's intoxication.  [*Id.*]  She recommends granting Respondent's motion regarding

---

[1] The Clerk docketed Petitioner's Petition on July 17, 2023 [Doc. 1] and an Amended Petition on October 23, 2023 [Doc. 21].  In describing Petitioner's allegations, the Report provides the date of the Amended Petition but appears inadvertently to recite the substance of the original Petition.  [Doc. 46 at 5–6 (quoting Doc. 1 at 5–10).]  Due to the similarity of the two Petitions, this mistake does not appear to affect the Report's analysis.  In any event, as will be explained, the Court has conducted a de novo review of the Report, the record, and the applicable law.

4

Ground Three because, construed liberally, it challenges the sufficiency of the evidence but Petitioner cannot show that no rational trier of fact could have found him guilty.  [*Id.* at 13–15.]  Finally, she recommends granting Respondent's motion as to Ground Four because it is not cognizable in habeas insofar as it alleges a violation of South Carolina state law and, alternatively, to the extent the claim is that trial counsel was ineffective, the state court did not apply *Strickland v. Washington*, 466 U.S. 668 (1984), unreasonably or base its adjudication on an unreasonable determination of the facts.  [Doc. 46 at 15–17.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

Petitioner's single objection to the Report concerns Ground Two.[2] [*See* Docs. 52; 53.[3]] Petitioner does not challenge the Magistrate Judge's conclusion that Ground Two is not cognizable in federal habeas to the extent that Ground Two alleges an error of state law concerning the admission of evidence. However, Petitioner contends that "the erroneous introduction of this evidence not only violated a state evidentiary law, but it also deprived Petitioner of a fair trial and violated his due process" rights. [Doc. 52 at 1–2; *see also* Doc. 44 at 2–4 (asserting that Petitioner argued in his state court appeal, essentially, that the evidentiary error deprived him of a fair trial in violation of his Sixth Amendment rights because the State was permitted to introduce scientific evidence that he had a .225 blood-alcohol level when he was effectively denied the right to present his own scientific evidence).] He argues that the determination by the South Carolina Court of Appeals that admission of the evidence was harmless was unreasonable and thus that the Magistrate

---

[2] In addition to his objections to the Magistrate Judge's analysis of Ground Two, Petitioner states that he "objects to all adverse ruling in the" Report. [Doc. 52 at 1.] The Court concludes that this objection, liberally construed, fails to meaningfully address the legal grounds cited by the Magistrate Judge as to Grounds One, Three, and Four. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the entire Report.

[3] These two docket entries are essentially the same.

Judge erred in relying on it to conclude that the admission of the blood-test results did not deprive him of a fair trial in violation of his Sixth Amendment rights.  [Doc. 52 at 2.]

Even assuming that Ground Two can be understood to allege a federal constitutional violation, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on that claim.  Evidentiary rulings are generally considered state law matters, and a "claim about the admissibility of evidence under state law rarely is a claim upon which federal habeas corpus relief can be granted."  *Spencer v. Murray*, 5 F.3d 758, 763 (4th Cir. 1993). Such rulings will not be considered in federal habeas "unless the erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding."  *Barbe v. McBride*, 521 F.3d 443, 452 (4th Cir. 2008) (internal quotation marks omitted).  Accordingly, the only proper inquiry is whether the admission of the evidence "itself so infected the entire trial that the resulting conviction violated due process."  *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 72 (1991) (internal quotation marks omitted) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").]  The error in admitting the blood-test evidence in this case did not rise to that level.

Under South Carolina law, it is unlawful to drive a motor vehicle while "under the influence of alcohol to the extent that the person's faculties to drive a motor vehicle are materially and appreciably impaired."  S.C. Code. Ann § 56-5-2930.  Additionally, South Carolina law provides that a "person who, while under the influence of alcohol, drugs, or the combination of alcohol and drugs," drives a vehicle and, while driving, commits an act

7

forbidden by law or neglects a duty imposed by law in the driving of the vehicle, and the act or neglect proximately causes great bodily injury or the death of another person, is guilty of felony driving under the influence. S.C. Code § 56-5-2945.

Even apart from the blood-test evidence, the evidence at trial was overwhelming that Petitioner was under the influence of alcohol to the point that his faculties to drive were materially and appreciably impaired. Todd Fitzgerald, an innocent bystander, testified that he walked up to Petitioner shortly after the accident and saw that he was very disoriented and appeared intoxicated, that he was very confused, smelled of alcohol, was staggering, had glassy eyes, and was too intoxicated to tell him what had happened. [App. 700–01.[4]] Officer Michael Stone testified that he observed that Petitioner was unsteady on his feet, had slurred speech, and smelled of alcohol. [App. 170–71.] EMS worker Daniel Boyce testified that Petitioner appeared intoxicated and smelled of alcohol and that his speech was so slurred that Boyce had trouble understanding him. [App. 607–08.] Officer Adam Smith also testified that Petitioner's speech was slurred and that he had a strong odor of alcohol and was unsteady on his feet. [App. 285.] Photographs were introduced of the crime scene, including one showing a beer bottle under Petitioner's vehicle. [App. 399.] Detective John Reese testified that he found two 12-packs of the same type of beer with one package open and several bottles missing. [App. 399, 435–36.] Additionally, Sondra Cheeks testified that she witnessed the accident and it occurred when the vehicle drifted to its right, out of its lane. [App. 713–14, 719.] Especially in light of the overwhelming evidence of Petitioner's intoxication, the admission of the blood-test evidence, even if erroneous as a matter of state law, did not render his trial constitutionally

---

[4] The Appendix can be found at Docket Entry Numbers 32-1 through 32-13.

8

unfair. *See Rice v. Cooper*, No. 3:12-CV-007-RJC, 2012 WL 4321320, at *7 (W.D.N.C. Sept. 20, 2012) ("Even assuming that the admission of [testimony that the petitioner had threatened to kill the victim] was error, the admission did not render Petitioner's trial unfair, given the other, overwhelming evidence of his guilt."). Accordingly, Petitioner's objection concerning Ground Two is overruled.

## CONCLUSION

For the reasons discussed, Petitioner's objections to the Magistrate Judge's findings and recommendations are overruled. The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge as modified. Thus, Respondent's motion for summary judgment [Doc. 33] is GRANTED and the Petition is DENIED.

IT IS SO ORDERED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

September 19, 2024
Charleston, South Carolina